UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL CARL ROBINSON,

    Petitioner,

v.                                                              Case No.  8:06-cv-1917-T-24MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## **ORDER**

This cause is before the Court on Petitioner Samuel Carl Robinson's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Robinson challenges his conviction and sentence entered by the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida.

A review of the record demonstrates that, for the following reasons, Robinson's petition must be **denied.**

Procedural History

On August 3, 1995, Robinson was charged by Information with the sale of cocaine (Count One) and possession of cocaine (Count Two).  The crimes occurred on June 13, 1995. (Appendix A, R 12).  In December 1995, a jury found Robinson guilty as charged. (Appendix B,  p. 95).  On January 5, 2006, the state trial court sentenced Robinson, as a habitual felony offender, to fifteen years incarceration on

Count One to be followed by fifteen years probation; and to five years probation on Count Two, concurrent with the probation in Count One. (Appendix C).

On January 24, 1996, Robinson appealed. (Appendix D). Robinson raised two issues: 1) whether the state trial court erred in admitting testimony concerning other crimes that did not involve him; and 2) whether the state trial court erred in imposing certain costs and conditions of probation that were not orally pronounced. (Appendix D).

On January 3, 1997, the state district court of appeal affirmed the conviction and sentence, but vacated the condition of the written probation order imposing a $100 fee pursuant to section 893.13(8)(b), Florida Statutes because the cost had not been orally imposed at the sentencing hearing.[1] *Robinson v. State*, 685 So. 2d 997 (Fla. 5th DCA 1997). The mandate issued January 23, 1997. (Appendix D).

On January 22, 1997, Petitioner filed a rule 3.800 motion to mitigate sentence. (Appendix M). On June 5, 1997, the state trial court denied the motion. On October 13, 1997, Robinson filed a rule 3.850 motion for post conviction relief alleging that the state trial court erred in sentencing him as a habitual felony offender and that his trial counsel was ineffective for failing to argue this sentencing error at the time of sentencing. (Exhibit E). On November 5, 1997, the state trial court denied the motion. (See copy of state trial court order, Exhibit E).

---

[1] *See Justice v. State*, 674 So. 2d 123 (Fla. 1996).

On November 5, 1997, Robinson appealed the denial of rule 3.850 relief. (Exhibit G). On June 16, 1998, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief. *Robinson v. State*, 718 So. 2d 194 (Fla. 5th DCA 1998).

On June 23, 1998, Robinson filed a rule 3.800 motion to correct sentence alleging that he had been improperly sentenced as a habitual felony offender. (Appendix H). On June 30, 1998, the state trial court denied the motion, finding:

> The previous affirmation of the denial of defendant's Motion for Post Conviction Relief by the Fifth District Court of Appeal, which raised the same issues as are raised in this current motion, is the law of the case. *Williams v. State*, 23 FLA D601.

(Exhibit H, Order Denying Motion To Correct Sentence and Order Prohibiting Defendant From Filing any Further Pro Se Motions Concerning this Case).

Robinson appealed the denial of relief on June 30, 1998. On October 30, 1998, the state district court of appeal per curiam affirmed the denial of rule 3.800 relief. *Robinson v. State*, 720 So. 2d 1124 (Fla. 5th DCA 1998). The mandate issued December 21, 1998. Robinson filed a petition for writ of certiorari in the Florida Supreme Court on January 26, 1997 based on this ruling. (Appendix I) On March 26, 1999, the Florida Supreme Court denied the petition for writ of certiorari. *Robinson v. State*, 729 So. 2d 918 (Fla. 1999).

Robinson served eight years and ten months of his sentence. After his release, he violated his probation. On September 15, 2005, he admitted that he had violated his probation and was sentenced to five years in prison. (Appendix N). On January 30, 2006, Robinson filed a motion for rule 3.850 motion for post conviction relief, raising the following grounds: 1) Robinson was improperly sentenced as a habitual felony

offender; and 2) Robinson was entitled to certain prison credit.[2]  On February 22, 2006, the state trial court denied relief. (Exhibit J). On March 30, 2006, the state trial court denied Robinson's motion for rehearing. (Exhibit J).

On June 11, 2006, Robinson filed a motion seeking a belated appeal. (Exhibit K). The state district court of appeal granted the motion. (Exhibit K).

On September 12, 2006, the state district court of appeal per curiam affirmed the state trial court's denial of relief.  *Robinson v. State*, 940 So. 2d 441 (Fla. 5th DCA 2006). The mandate issued November 6, 2006.

Robinson did not date the present federal petition, but it was docketed as being filed on October 17, 2006.  Therefore, the federal petition, in which Robinson raises three grounds for relief, is timely.

### Discussion

### Grounds One, Two and Three

In ground one, Robinson alleges that he did not have a sufficient number of felonies to be designated a habitual felony offender; in ground two, Robinson alleges he was improperly denied credit for time served; and, in ground three, Robinson alleges that the state trial court judge refused to check a box regarding calculation of gain time when he was sentenced on the violation of probation.

None of Robinson's claims warrant federal habeas corpus relief.  The three claims for relief involve sentencing issues or the granting of gain time/prison credit.

---

[2] Robinson contested the application "of credit time served as was applied to his mot recent sentence for a probation violation." Robinson had entered into a plea agreement whereby he was sentenced to a term of five years incarceration with credit for 256 days "time served."

These are issues that are controlled by state law, not federal law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional dimension is involved. *See Carrizales v. Wainwright*, 699 F. 2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F. 2d 191 (5th Cir. 1982).

As stated by the Eleventh Circuit in *Branan v. Booth*, 861 F. 2d 1507, 1508 (11th Cir, 1998), "we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." *See also, Nichols v. Estelle*, 556 F. 2d 1330, 1331 (5th Cir. 1977)("federal courts do not review a state's failure to adhere to its own sentencing procedures..."). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Branan*, at 1508. Therefore, Robinson is not entitled to federal habeas corpus relief.

**Accordingly, the Court orders:**

That Robinson's petition is denied. The Clerk is directed to enter judgment against Robinson and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional

right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 21, 2008.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Samuel Carl Robinson